IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Jovan Ward, | No. CIV-10-743-TUC-CKJ (GEE) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Craig Apker, Warden | |
| Respondent. | |

On December 13, 2010, Jonathan Jovan Ward, an inmate confined in the Federal Correctional Institution in Tucson, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) Ward claims he is entitled to credit for time spent incarcerated prior to sentencing from April 21, 2004 through November of 2004.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for Report and Recommendation. The petition should be denied for failure to exhaust. In the alternative, the petition should be denied on the merits. Pre-sentence credit is not allowed for time credited to another sentence.

Background

Ward was convicted in the U.S. District Court for the Eastern District of California for armed bank robbery. (Doc. 12, p. 4) On October 18, 2004, he was sentenced to an 87-month

term of imprisonment. *Id*. The Bureau of Prisons (BOP) projects Ward will be released from federal prison on May 5, 2012. (Doc. 12, p. 2)

This federal prosecution took place while Ward was already in state custody. Previously, on January 27, 2004, Ward was arrested by California State authorities for a probation violation. (Doc. 12, p. 3) He was sentenced in state court on February 13, 2004, and on March 17, 2004, he was committed to the California Department of Corrections to serve a three-year term of incarceration. (Doc. 12, pp. 3-4)

On April 20, 2004, Ward was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. (Doc. 12, p. 4) On October 18, 2004, the district court sentenced Ward to an 87-month term of imprisonment for armed bank robbery. *Id*. Ward was returned to state custody on November 2, 2004. *Id*. Ward's state sentence continued to run during the time he was in temporary federal custody pursuant to the writ. *Id*.

On September 8, 2005, Ward was paroled from his state sentence and released to exclusive federal custody. *Id*.

On December 13, 2010, Ward filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He claims he is entitled to credit for time spent in federal custody before sentencing from April 21, 2004 through November of 2004. He further claims his attorney was ineffective for failing to ensure that he received this pre-sentence credit.

This court screened his petition, dismissed the ineffective assistance of counsel claim, and ordered service on the respondent. (Doc. 4)

The respondent filed an answer on March 7, 2011. He argues the claim should be denied because it is not exhausted. In the alternative, he argues it should be denied on the merits. Ward filed a reply on April 6, 2011. He concedes he did not exhaust his claim, but argues it would have been futile to do so.


Discussion

Ward claims he is entitled to credit for time spent incarcerated prior to sentencing from April 21, 2004 through November of 2004.

As a prudential matter, habeas petitioners are required to exhaust their administrative remedies before filing their petition. *Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004). This requirement is not jurisdictional, but it serves three important functions: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.*

Sentencing credit is calculated by the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 333 (1992). An inmate seeking review of any aspect of imprisonment, including the sentencing calculation, may use the three-step process established by the Bureau of Prisons:

> [A] prisoner first complains to the Warden (on a BP-9 form) and may appeal to the Bureau's Regional Director (on a BP-10). If the prisoner is not satisfied with the Regional Director's decision, the prisoner may appeal to the General Counsel's Office (on a BP-11).

*Nigro v. Sullivan*, 40 F.3d 990, 992 (9th Cir. 1994).

In this case, the petitioner did not file any administrative appeals relating to his claim for pre-sentence credit. (Doc. 12-1, p. 3) He has not exhausted his administrative remedies. Accordingly, the petition should be dismissed. *See, e.g., Woodworth v. Apker*, 2011 WL 3439177 (D.Ariz. 2011) (dismissing petition filed pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies).

Ward argues in his reply that his failure to exhaust should be excused because it would be futile to do so. He states, "I tried to informally resolve this issue with the staff here and I was told the same excuses concerning the time credit, so it was at that point that futility became apparent."
(Doc. 13, p. 2)

As a general matter, "[e]xhaustion is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991). Here,

Ward argues his failure to exhaust should be excused because "administrative remedies would be futile." *Id*. The court does not agree.

Apparently, Ward's first informal attempts to resolve the issue were unsuccessful. This alone, however, does not prove that using the formal administrative appeals process would be futile. Presumably *all* administrative appeals are filed because the prisoner was unable to get satisfaction from his first informal attempts to resolve his grievance. If Ward's argument were adopted, then prisoners would never need to avail themselves of the administrative appeals procedure and the advantages of having such a system would be lost. *See Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004).

Moreover, even if it were true that Ward's chances of success were remote, that still does not excuse bypassing the administrative appeals procedure. This procedure allows the prison officials the opportunity to develop a proper record, which is necessary for this court to reach a proper decision. *Id*.

Ward did not exhaust his administrative remedies. There is no proof that administrative remedies would be futile. Accordingly, this petition should be dismissed. In the alternative, the petition should be denied on the merits.

Pre-sentence credit is calculated pursuant to 18 U.S.C. §3585, which reads in pertinent part as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. §3585(b) (emphasis added).

In his petition, Ward claims he is entitled to sentencing credit for time spent incarcerated prior to sentencing from April 21, 2004 through November of 2004. This time, however, was credited toward his previously imposed state sentence for violating probation. (Doc. 12, p. 4)

Accordingly, this time cannot be credited toward his federal term of imprisonment. *See* 18 U.S.C. §3585(b); *U. S. v. Wilson*, 503 U.S. 329, 332-333 (1992) (recognizing that time credited toward a state sentence could not be credited later toward a federal sentence); *Kovach v. Smith*, 2009 WL 2567834, *3 (E.D.Cal. 2009); *Simmons v. Federal, Prison Employees, of the Federal Bureau of Prisons,* 639 F.Supp.2d 402, 405 (S.D.N.Y. 2009).

Ward further argues failure to award pre-sentence credit violates the Equal Protection Clause citing, *inter alia*, *Hook v. State of Ariz.*, 496 F.2d 1172, 1173-74 (9th Cir. 1974) and *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018 (1970).

"The *Williams* rule [] requires that time a defendant spends in jail before sentence because he is unable to raise bond must be credited if he is later sentenced to a maximum term." *Hook*, 496 F.2d at 1174. "The inability of an indigent criminal defendant to make bond should not result in extending the duration of his imprisonment beyond the statutory maximum." *Id*.

In this case, however, there is no evidence that Ward was given a maximum sentence or that he was incarcerated before sentence because he was unable to raise bond. The statutory maximum term of imprisonment for armed bank robbery is 25 years. (Doc. 12-2, p. 27) Ward's guideline range was 78 to 97 months. *Id*. He was sentenced to an 87-month term of imprisonment. (Doc. 12-3, p. 3) Ward was not given a maximum sentence.

Moreover, Ward was incarcerated before sentencing, not because he was indigent, but because he was serving a term of imprisonment for violating his state probation. He happened to be temporarily in federal custody pursuant to a writ of habeas corpus ad prosequendum, but it cannot be said that Ward would have been released but for his inability to post a bond. The *Williams* rule does not apply to this case.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition for failure to exhaust or, in the alternative, denying the petition on the merits.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 11th day of October, 2011.

_____
Glenda E. Edmonds
United States Magistrate Judge